IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARI THIGPEN,

      Plaintiff,

v.                                                        1:25-cv-00622-KG-JMR

CITIBANK, N.A.,

      Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court *sua sponte*, following its review of the record. Chief District Judge Kenneth J. Gonzales referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 24. I find that Court lacks jurisdiction over Plaintiff's petition (Doc. 19). As such, I recommend that the Court dismiss the case.

**I.    Background**

On July 1, 2025, *pro se* Plaintiff Shari Thigpen filed her initial Petition to Vacate or Modify Arbitration Award. Doc. 1. Therein, Plaintiff requested that this Court "vacate or, in the alternative, modify" an arbitration award, pursuant to 9 U.S.C. §§ 10 and 11. After reviewing the petition, the Court issued an Order to Show Cause noting that it likely lacks jurisdiction over Mr. Thigpen's petition. Doc. 12. Accordingly, the Court ordered Plaintiff to either (1) show cause as to why the case should not be dismissed or (2) file an amended petition that cures the jurisdictional allegations. *Id.* In response, Ms. Thigpen filed her First Amended Petition to Vacate or Modify Arbitration Award on October 7, 2025. Doc. 19.

After reviewing the amended petition, the Court issued a Second Order to Show Cause explaining that "[i]t appears that this Court still lacks jurisdiction to consider Plaintiff's petition." Doc. 25 at 1. The Court ordered "Plaintiff to show cause as to why her petition should not be dismissed by December 22, 2025." *Id.* (emphasis omitted). Ms. Thigpen did not file a response. On January 9, 2026, Defendant filed a Notice of Plaintiff's Non-Compliance with ECF 25 noting that Plaintiff failed to comply with the Second Order to Show Cause. Doc. 26.

## II.   Discussion

I recommend that the Court dismiss Plaintiff's petition for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); FED. R. CIV. P. 41(b) (Involuntary Dismissal). This Court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

In the amended petition, Ms. Thigpen asserts that the Court has both federal question and diversity jurisdiction. Doc 19 at 3–5 (citing 28 U.S.C. §§ 1331, 1332). She explains that the Court has federal question jurisdiction "because [the] Petition seeks relief from an arbitration award that arose from and directly affects rights asserted under multiple federal consumer protection statutes, including the Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. §§ 1692 et seq.), the Fair Credit Reporting Act (FCRA, 15 U.S.C. §§ 1681 et seq.), and the Electronic Fund Transfer Act (EFTA, 15 U.S.C. §§ 1693 et seq.)." *Id.* at 3 (emphasis omitted). In the alternative, Ms. Thigpen asserts that she and the Defendant are citizens of different states and the "[t]he amount in controversy exceeds $75,000, as Plaintiff seeks vacatur of an arbitration award of $43,956.39 and reinstatement of federal statutory claims for actual, statutory, and punitive

damages under the FDCPA, FCRA, and EFTA." *Id.* at 4.

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991. However, "it is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

Nevertheless, I find that Ms. Thigpen failed to properly assert both federal question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

### A. Federal Question Jurisdiction

This Court lacks federal question jurisdiction because Ms. Thigpen's arbitration counterclaims cannot confer federal question jurisdiction over a petition to vacate or modify an arbitration award under the Federal Arbitration Act ("FAA") Sections 10 and 11, like Ms. Thigpen's.

The FAA does not in and of itself support federal subject-matter jurisdiction. *Badgerow v. Walters*, 596 U.S. 1, 8 (2022); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). Rather, "[a] federal court may entertain an action brought under the FAA only if the action has an independent jurisdictional basis." *Badgerow*, 596 U.S. at 8 (quotation marks omitted).

To invoke federal question jurisdiction, Plaintiff must allege "that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief." *Id.* at 9 (referencing 9 U.S.C. §§ 9, 10). Notably, in FAA cases brought pursuant to 9 U.S.C. § 4 (compelling arbitration), federal courts "'look through' the petition to the 'underlying substantive controversy' between the parties" to determine whether the court has jurisdiction. *Badgerow*, 596 U.S. at 5 (citing *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009)). However, unlike Section 4, the court may not "look-through" to

3

the underlying claims for petitions brought under FAA Sections 10 and 11. *Id.* (pertaining to Section 10); *Id.* at 21 (Breyer, J., dissenting) (noting that the majority's reasoning "necessarily extends to" FAA Section 11).

Here, Ms. Thigpen impermissibly asks the Court to "look-through" her petition to her underlying counterclaims asserted during arbitration. Ms. Thigpen explicitly states: "This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this Petition seeks relief from an arbitration award that arose from and directly affects rights asserted under multiple federal consumer protection statutes . . . ." Doc. 19 at 3 (referencing her federal counterclaims). She also points the Court to three cases that allegedly support her claim for federal question jurisdiction. Doc. 19 at 3 (citing *Peacock v. Thomas*, 516 U.S. 349, 354 (1996); *Goldman v. Citigroup Global Markets, Inc.*, 834 F.3d 242, 254 (3d Cir. 2016); *Collins v. Blue Cross Blue Shield of Michigan*, 103 F.3d 35 (6th Cir. 1996)). All three cases are inapplicable. *Peacock*'s holding is irrelevant as that case involved the Employee Retirement Income Security Act, not the FAA.[1] Plaintiff states that the *Goldman* court "held that federal jurisdiction was proper where 'the underlying arbitration involved federal statutory claims.'" Doc. 19 at 3. To the contrary, *Goldman* held that the district court lacked jurisdiction. *Goldman*, 834 F.3d at 255 ("[A] district court may not look through a [9 U.S.C.] § 10 motion to vacate to the underlying subject matter of the arbitration in order to establish federal question jurisdiction."). Plaintiff similarly misrepresents that the *Collins* court "found that subject-matter jurisdiction existed under § 1331 because the petitioner

---

[1] Notably, Plaintiff misattributes quotes to *Peacock* and *Goldman*. Plaintiff allegedly quotes *Peacock* stating, "federal jurisdiction depends on the underlying cause of action." Doc. 19 at 3. That quote is nowhere to be found in the *Peacock* case. *See generally Peacock v. Thomas*, 516 U.S. 349 (1996). Plaintiff similarly quotes *Goldman* stating, "that federal jurisdiction was proper where 'the underlying arbitration involved federal statutory claims.'" Doc. 19 at 3. No such quote exists in the *Goldman* case. *See generally Goldman v. Citigroup Global Markets, Inc.*, 834 F.3d 242 (3d Cir. 2016).

4

sought vacatur of an arbitration award arising from an ERISA dispute." Doc. 19 at 3; *Collins*, 103 F.3d at 38 ("[N]either the FAA nor the federal nature of an underlying arbitrated dispute provide federal question subject matter jurisdiction."). Plaintiff's only federal question hook is her underlying federal counterclaims, and the Supreme Court has made clear that this Court cannot look to the underlying claims to assess jurisdiction. *See Badgerow*, 596 U.S. at 5.

Thus, this Court lacks federal question jurisdiction. *See* 28 U.S.C. § 1331.

**B. Diversity Jurisdiction**

This Court lacks diversity jurisdiction because Plaintiff fails to meet the amount-in-controversy requirement. 28 U.S.C. § 1332.

Federal district courts have diversity jurisdiction over "suits between citizens of different States as to any matter valued at more than $75,000." *Badgerow*, 596 U.S. at 7 (citing 28 U.S.C. § 1332(a)). When assessing the amount in controversy, the Court must accept the amount pled in good faith unless there is "a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003) (citation omitted).

When assessing jurisdiction of a petition to vacate or modify an arbitration award, courts may only look to the "face of the application itself." *Badgerow*, 596 U.S. at 9; *C.f. Matios v. City of Loveland*, No. 22-1047, 2022 WL 2734270, at *2 (10th Cir. July 14, 2022) (unpublished). "[O]rdinary principles of jurisdiction 'point to the arbitral award as the measure of the amount in controversy when a litigant seeks to vacate such an award—whether or not the litigant seeks to

have the case sent back for a new arbitration.'" *Craig Hosp. v. United Healthcare Servs., Inc.*, No. 24-CV-03050-PAB-STV, 2025 WL 2602399, at *4 (D. Colo. Sept. 9, 2025) (citing *Dixon v. PayPal Inc.*, 2023 WL 6283286, at *3 (E.D.N.Y. Sept. 26, 2023)).

> [A] court vacating the award could 'in its discretion, direct a rehearing by the arbitrators,' 9 U.S.C. § 10(b)—who could, in turn, award new damages after another arbitration proceeding. But the possibility that an arbitrator will provide a new award during a future arbitration is not properly considered in determining the amount in controversy because such an award would flow directly from decision of a separate decisionmaker—the arbitrator—rather than from the court's judgment.

*Id.* at *5 (quoting *Dixon*, 2023 WL 6283286, at *3). Accordingly, this Court may again not "look through" to the underlying claims to assess the amount in controversy.

Here, it is legally certain that $75,000 is not in controversy. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 289. Plaintiff argues: "The amount in controversy exceeds $75,000, as Plaintiff seeks vacatur of an arbitration award of $43,956.39 and reinstatement of federal statutory claims for actual, statutory, and punitive damages under the FDCPA, FCRA, and EFTA, the aggregate value of which exceeds the jurisdictional threshold." Doc. 19 at 4. Plaintiff's statement of the jurisdictional amount is problematic for two reasons. First, she does not attach any specific value to the "reinstatement of federal statutory claims for actual, statutory, and punitive damages under the FDCPA, FCRA, and EFTA." *See id.* Second, and more importantly, the Court cannot "look-through" the petition to Ms. Thigpen's arbitration counterclaims to support the amount in controversy. *See Badgerow*, 596 U.S. at 9. A "petition to vacate an arbitration award doesn't raise the merits of the underlying claim." *Craig Hosp.*, 2025 WL 2602399, at *7 (quoting *Friedler v. Stifel, Nicolaus, & Co., Inc.*, 108 F.4th 241, 246 (4th Cir. 2024)). Ms. Thigpen asks this Court to "reinstate" her counterclaims and allow her to "reassert" them in this case. *See* Doc. 19 at 36 (requesting that the Court "permit Petitioner to reassert those federal statutory claims (under the FDCPA, FCRA, EFTA, and others) in this Court."). However, Ms. Thigpen does not

cite to, nor is the Court aware of, any mechanism by which Ms. Thigpen could re-litigate her arbitration counterclaims in this case. *But see* 9 U.S.C. § 10(b) (rehearing by the arbiter). It is legally certain that Ms. Thigpen cannot reinstate her arbitration counterclaims in this lawsuit. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 289. Therefore, the only issue before this Court is whether to vacate or modify the $43,956.39 arbitration award.

Because the amount in controversy is less than $75,000, this Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

### III. Recommendation

Because this Court lacks both subject-matter jurisdiction and Ms. Thigpen has failed to show cause as to why the case should not be dismissed, I recommend that the Court dismiss Ms. Thigpen's petition. *See* FED. R. CIV. P. 12(h)(3); FED. R. CIV. P. 41(b). Because this Court lacks jurisdiction of the case, I also recommend the Court deny Defendant's two pending Countermotions for Attorneys' Fees and Costs (Docs. 11, 22).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

JENNIFER M. ROZZONI
United States Magistrate Judge